1  TROUTMAN SANDERS LLP
   Ryan C. Tuley, Bar No. 198249
2    ryan.tuley@troutmansanders.com
   5 Park Plaza, Suite 1400
3  Irvine, CA  92614-2545
   Telephone:  949.622.2700
4  Facsimile:   949.622.2739

5  Attorneys for Plaintiff and Counter-
   Defendant DARWIN SELECT
6  INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11

12 DARWIN SELECT INSURANCE         Case No. cv11-06806 GHK(JCx)
   COMPANY,                        The Honorable George H. King
13
                                   **STIPULATED PROTECTIVE
14            Plaintiff,            ORDER**

15       v.

16 J.R. OLSEN BONDS & INSURANCE
   BROKERS, INC.,
17
              Defendant.
18
   J.R. OLSEN BONDS & INSURANCE
19 BROKERS, INC.

20            Counter-Complainant,

21       v.

22 DARWIN SELECT INSURANCE
   COMPANY,
23
              Counter-Defendant.
24

25

26

27

28

                                              STIPULATED PROTECTIVE ORDER

Plaintiff and Counter-Defendant, Darwin Select Insurance Company ("Darwin"), and Defendant and Counter-Claimant, J.R. Olsen Bonds & Insurance Brokers, Inc. ("Olsen"), by and through their respective counsel of record, stipulate and agree to the request for, and entry of, the following Protective Order:

1. All documents, materials, items, and/or information that contain or comprise confidential or commercially sensitive information, including confidential research, development, and commercial information, or private information, including personal financial or medical information, produced or submitted during the course of this action either by a party or by a nonparty to or for either of the parties, and appropriately designated hereunder, shall be governed by this Protective Order.

2. In connection with entering into this stipulated Protective Order, Darwin and Olsen represent to the Court that a Protective Order is necessary because they anticipate having to disclose and/or that discovery will be conducted regarding private, confidential and/or commercially sensitive information and/or materials, and that they will suffer serious, irreversible harm if these confidential materials, information, and/or testimony concerning such materials or information are publicly disclosed.

3. Any party producing or filing documents or other materials in this action may designate such information and materials as "Confidential" under the terms of this Protective Order. Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the parties solely in connection with this litigation, and not for any other purpose or function, and such information shall not be disclosed to anyone except as provided herein. The materials are to be designated as follows:

(a) in the case of documents produced in discovery, interrogatory responses, responses to requests for admission, or other discovery materials (apart from depositions), by affixing the legend "CONFIDENTIAL," as

appropriate, to at least the first page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

    (b)    in the case of depositions (i) by a statement on the record, by counsel, during such deposition that the entire transcript or a portion thereof shall be designated as "Confidential," as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all parties within fifteen days after the mailing (via overnight mail) to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential." The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

4.    If there is a dispute regarding a party's designation of information or materials produced herein as "Confidential," that dispute shall be resolved pursuant to the procedures set forth in Local Rule 37. Until the dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons subject to this Protective Order shall treat the information or materials in question

as "Confidential" under the terms of this Protective Order.

5.      All documents or other materials subject to this Protective Order shall not be used, directly or indirectly, by any of the parties for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this order.  This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" obtained lawfully by such party independently of any proceedings in this action.

6.      Except with the prior written consent of the party asserting confidential treatment or pursuant to court order, any information or materials designated "Confidential" under this Protective Order, and any information contained in, or derived from, any such materials may not be disclosed other than in accordance with this Protective Order and may not be disclosed to any person other than the Court and:

(a)     Parties to this litigation;

(b)     Counsel for the respective parties to this litigation and clerks, paralegals, secretaries or other employees of counsel;

(c)     Witnesses expected to be deposed or to testify in court or by affidavit in this litigation;

(d)     Experts specially retained as consultants or expert witnesses in connection with this litigation or experts about to be retained as experts in this litigation;

(e)     Graphics or design service individuals or companies retained by counsel of record for a party in this action for purpose of preparing demonstrative or other exhibits for deposition, trial or

STIPULATED PROTECTIVE ORDER
- 3 -

          other court proceedings in this action;

   (f) Non-technical jury or trial consulting services retained by counsel for a party; and

   (g) Darwin's respective directors, officers, legal counsel, accountants, insurers, reinsurers, regulators, or auditors, if any.

  7. Before any documents or information subject to this Order may be shown to any person designated in subparagraph 6(c), the party wanting to disclose the documents or information must provide all such individuals a copy of this Order and request that he or she agree to be bound by its terms, and sign an undertaking in the form attached hereto as Exhibit "A."  Documents and information disclosed pursuant to this Protective Order shall not be made available to any person designated in subparagraphs 6(d), 6(e) or (6(f) unless he or she shall have first read this order, agreed to be bound by its terms, and signed an undertaking in the form attached hereto as Exhibit "A."

  8. All "Confidential" information and material covered by this Protective Order shall be kept in secure locations, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 6 and 7 above.

  9. If any party wishes to file "Confidential" information and material with the Court for any reason, that party shall seek to file such information and material under seal and shall comply with the requirements of any current or future rules or statutes governing requests to seal court records or the use of sealed records filed with the court, including Local Rule 79-5.  The parties are permitted to file an application to submit information and material under seal at the same time as the filing of any motion.

  10. All counsel for the parties who have access to information or material designated as "Confidential" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of

enforcing this Order.

11. If a party inadvertently produces "Confidential" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 6 and 7 above, as well as any copies made by such persons.

12. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court. If, for any reason, the Court does not enter this Protective Order, then with the exception of provisions requiring the Court's involvement, such as requesting that Confidential materials be filed under seal or seeking modification of the Protective Order, the parties shall continue to abide by the terms of the Protective Order and any violation of its terms shall be treated as a breach of contract.

13. The provisions of this Protective Order shall, absent written permission of the party producing the "Confidential" information or materials or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" hereunder shall

1  return such material and all copies thereof (including summaries and excerpts) to
2  counsel for the producing party, or shall certify destruction thereof.

3      14.   If any party (a) is subpoenaed in another action, (b) is served with a
4  demand in another action to which it is a party, or (c) is served with any other legal
5  process by one not a party to this action, seeking information or material which was
6  produced or designated as "Confidential" by someone other than that party, the
7  party shall give prompt actual written notice, by hand, email or facsimile
8  transmission, within five (5) days of receipt of such subpoena, demand or legal
9  process, to those who produced or designated the "Confidential" information or
10 material and shall take reasonable efforts to preserve the designating party's right to
11 object to its production to the extent permitted by law.  Nothing herein shall be
12 construed as requiring the party or anyone else covered by this Protective Order to
13 challenge or appeal any order requiring production of information or material
14 covered by this Protective Order or to subject itself to any penalties for
15 noncompliance with any legal process or order, or to seek any relief from this
16 Court.

17     15.   It is the present intention of the parties that the provisions of this
18 Protective Order shall govern discovery in this action.  Nonetheless, each of the
19 parties hereto shall be entitled to seek modification of this Protective Order by
20 application to the Court on notice to the other party(ies) hereto for good cause.

27     AGREED and STIPULATED to by the parties:

STIPULATED PROTECTIVE ORDER
- 6 -

| | | |
|---|---|---|
| Dated: | March 27, 2012 | TROUTMAN SANDERS LLP |

By: /s/
Ryan C. Tuley

Attorneys for Plaintiff and Counter-Defendant DARWIN SELECT INSURANCE COMPANY

| | | |
|---|---|---|
| Dated: | March 26, 2012 | EPSTEIN TURNER WEISS, P.C. |

By: /s/
Michael R. Weiss

Attorneys for Defendant and Counter-Claimant J.R. OLSEN BONDS & INSURANCE BROKERS, INC.

STIPULATED PROTECTIVE ORDER

- 7 -

# **ORDER**

Plaintiff and Counter-defendant, Darwin Select Insurance Company ("Darwin"), and Defendant and Counter-Claimant, J.R. Olsen Bonds & Insurance Brokers, Inc. ("Olsen"), have requested the entry of a Protective Order to facilitate the exchange of certain private, confidential and/or commercially sensitive information and materials. In this regard, Darwin and Olsen have represented to the Court that they have an overriding interest in protecting their private, confidential and/or commercially sensitive information and materials from public inspection and that there is a substantial probability that the parties would be prejudiced if such confidential information were made publicly available.

THEREFORE, IT IS ORDERED that materials and information designated as "Confidential" will be handled according to the terms and conditions set forth above in the parties' stipulation.

Dated: April 20, 2012           /s/
                                Honorable Jacqueline Chooljian
                                United States Magistrate Judge

# EXHIBIT A

I, the undersigned, hereby acknowledge that I have read the Stipulated Protective Order in the matter captioned *Darwin Select Insurance Company v.*, Case No. cv11-06806 GHK(JCx) (C.D. Cal.), understand its terms, and agree to be bound by them and I hereby submit to the jurisdiction of the United States District Court for the Central District of California to enforce them.  I acknowledge that I will treat any "Confidential" material I receive in this action strictly accordingly to the terms of the Protective Order, and that I understand that any unauthorized use of the "Confidential" material I receive constitutes contempt of court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _____

_____          _____
(Print Name)                                                                           (Signature)

1129630